## The Commonwealth *against* Rupp.

In an indictment against county commissioners for misfeasance in office, the mode of their election must be very distinctly set out: and also the facts and circumstances, with time and place. which rendered the alleged act unlawful. Nor will a special finding of the facts by the traverse jury, supply the want of form and substance in the indictment.

ERROR to the quarter sessions of *Crawford* county.

This was an indictment against the commissioners of the county of Crawford, in which the charge was thus laid:—

"That Jesse Rupp, late of the county aforesaid, innkeeper, Arthur Johnson, late of the same county, farmer, and Edward A. Reynolds, late of the same county, merchant, the duly elected and appointed commissioners of Crawford county aforesaid, and as such, acting on the first day of January, in the year of our Lord, one thousand eight hundred and thirty eight, with force and arms, at the county aforesaid, a certain William M'Laughlin, to be treasurer of the county of Crawford aforesaid, did appoint, and then and there consent to said appointment, within and before the expiration of three years next after he, the said William M'Laughlin, had been, and was, and then holding the office of a county auditor, in and for said county of Crawford aforesaid, contrary to the act of assembly in such case, made and provided, and against the peace and dignity of the commonwealth of Pennsylvania." April 9, 1838, verdict of guilty, and the jury do further find, that the said William M'Laughlin was elected county auditor at the election of 1832, and accepted, and continued in office the usual legal term, and that he, with the other auditors, settled the public accounts for the years 1832, 1833, and 1834, and the report for said settlement for the year 1834, was made to the February Term, 1825, but whether the said defendants are subject and liable to the penalties of the thirtieth section of the act of assembly, in such case made and provided, the jury do not say, but leave to the court to decide according to law.

The court below arrested the judgment for want of sufficient form and substance in the indictment.

*Church*, for plaintiff in error, cited the *Act of* 16*th of March*, 1809; *Purd. Dig.* 180, Ed. of 1830; *Act of* 7*th Feb.* 1814; 28*th and* 30*th sects. of the Act of* 1834; *Park & Johns. Dig.* 142; 2 *Mason* 150; *Reed's Dig.* 441.

[The Commonwealth v. Rupp.]

*Riddle* and *Derrickson, contra,* cited 1 *Chit. Crim. Law* 228; 2 *Haw. Pl. of Crown* 310, 312; 2 *Cowp.* 683; 1 *Ld. Raym.* 2; 2 *Chit. Crim. Law* 268.

PER CURIAM:—This indictment is drawn with unusual looseness. Though the defendants are designated as the duly elected and appointed commissioners of the county, the mode of their election is not set out—a matter which has been held necessary in an indictment against a constable for not serving, because if not legally elected, he is not bound to take the office—and the defendants, if not elected, would be dispunishable for appointing a disqualified person to the office of treasurer; for though the fact that they acted in their offices, would be evidence of election to them, it does not itself constitute the fact of election; and it is necessary in an indictment to aver the fact itself, and not to state the proof of it. The same remarks are predicable of the manner in which the treasurer's previous election is stated. Indeed it is not stated at all, except by inference and implication. But as the special manner of the whole fact must be set forth, that part of the case is one which ought to have been stated with time, place, and circumstance, in order that the court might see that the office had not expired three years before the incumbent's appointment to the treasurership. The act of appointment was not unlawful of itself; and it was necessary to set forth positively the particular circumstances and relations which made it so. Nor does the special finding of them by the traverse jury supply the deficiency: they ought to have been found by the grand jury also, who are the constitutional accusers, and whose business it is, to specify the particulars of their accusation. Neither the election of the auditor, nor the duration of the office, is distinctly set forth. The defendants are charged with having appointed him to the office of treasurer, "within, and before the expiration of three years next after he, the said William M'Laughlin had been, and was, and then holding the office of county auditor," &c. It is impossible to sustain an allegation so vague and contradictory.

Judgment affirmed.